## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

MICHELLE BISHOP, Individually, and on behalf
of All Others Similarly Situated Who Consent
to Their Inclusion in a Collective Action;

       Plaintiff,

v.                                  Case No.:

CLERK OF THE CIRCUIT COURT &
COUNTY COMPTROLLER,
PASCO COUNTY,

       Defendant,

_____/

### COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, MICHELLE BISHOP, Individually, and on behalf of All Others Similarly Situated Who Consent to Their Inclusion in a Collective Action, hereby files this Complaint against Defendant, CLERK OF THE CIRCUIT COURT & COUNTY COMPTROLLER, PASCO COUNTY, is (hereinafter Defendant or "COUNTY") and alleges as follows:

### INTRODUCTION

1.     Plaintiff brings this collective action for overtime compensation and other relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 *et. seq.,* on behalf of herself, and on behalf of others similarly situated, current and former salaried employees working in the Office of the Clerk & Comptroller's Office for Pasco County.

2.     Plaintiff seeks to represent a collective class of employees who have been misclassified by the County as exempt employees under the FLSA and who were unlawfully denied payment for overtime wage compensation as a result of Defendant's common practice and policy of misclassifying these employees as EXEMPT under the FLSA.

3.      Plaintiff, and similarly situated employees are, and at all times relevant, were non-exempt employees under the FLSA as they are performing non-exempt office work.  Plaintiff, and the class of similarly situated employees regularly worked in excess of 40 hours per week and were not paid overtime wages due to Defendant's willful refusal to pay overtime wages.  Plaintiff, and the class of similarly situated employees, have suffered damages as a consequence over a three-year period of time as a result of Defendant's willful failure to pay overtime wages.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. §§ 1331 and 1337 and 29 U.S.C. § 215(a)(3) because this action involves a federal question under the Fair Labor Standards Act.

5.      Venue is appropriate in the Tampa Division of the Middle District of Florida pursuant to 28 U.S.C. 1391(b) because the Defendant operates as a municipality and department of a municipality in this District and the acts complained of occurred in Dade City, Florida.

6.      Plaintiff is a resident of Brooksville, Florida and at all times material was an employee of Defendant working in their offices located in Dade City, Pasco County Florida.

7.      The Clerk of the Circuit Court & County Comptroller, Pasco County is a financial department for Pasco County, and upon information and belief employs upwards of 200 or more salaried employees.

8.      At all times material hereto, County was the Plaintiff's "employer" as defined pursuant to the FLSA (29 U.S.C. § 203(e)(1)).

9.      All conditions precedent to the filing of this action have been performed.

## THE PARTIES

### The Representative Plaintiff

10.     **Plaintiff, Michelle Bishop,** is a resident of Pasco County, Florida.  Plaintiff was previously employed by the County as a salaried exempt employee up until October 12, 2015, last working under the title of "Deputy Clerk" or Manager of Accounting and Financial Reporting. She served in this capacity since November, 2013 after previously working as an internal auditor for the County for many years.   Plaintiff's primary job duty was to perform standardized accounting and bookkeeping, and prepare routine, standardized reports for the County and the State of Florida.

11.     At all times material hereto, Plaintiff was unlawfully and improperly treated as a salaried exempt employee under the FLSA as her job duties and responsibilities fail to satisfy any known exemption under the FLSA.

12.     Plaintiff is not a licensed CPA, and the Defendant did not require Plaintiff to be a CPA to handle the job duties and responsibilities of her position.

13.     Plaintiff, as well as numerous other employees in the CLERK OF THE CIRCUIT COURT & COUNTY COMPTROLLER, PASCO COUNTY were similarly treated as exempt employees under the FLSA by the County according to a common and uniform pay practice, and without any good faith basis for doing so.

### The Defendant

14.     **Defendant, Clerk of the Circuit Court & County Comptroller, Pasco County,** is a governmental entity with principal offices located at 38053 Live Oak Avenue, Dade City, Florida 33523.   Defendant may be served through the Pasco County Board of County Commissioners at 7530 Little Road, Suite 340, New Port Richey, Florida 34654.

15.     The CLERK OF THE CIRCUIT COURT & COUNTY COMPTROLLER, PASCO COUNTY, upon information and belief, employs upwards of 200 salaried exempt employees, and within the past three years, may have employed upwards of 500 similar employees.

## COVERAGE UNDER THE FLSA

16.     Defendant qualifies for and is subject to both traditional and enterprise coverage under the FLSA for all the relevant time periods contained in this Complaint.  Said differently, Defendant is subject to the FLSA.

17.     During the times relevant to this Complaint, the County is a public agency, and has employed more than 200 employees in the Office of Clerk & Comptroller and as a municipality, is subject to the FLSA.

18.     At all relevant times, Defendant has been and continues to be a public agency and an employer within the meaning of FLSA 29 U.S.C. §§ 206(a) and 207(a).

19.     Plaintiff, and the class of similarly situated people were employees of the County within the meaning of the FLSA § 203.

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

20.     This collective action includes all employees similarly situated to Plaintiff, who were and continue performed their duties as exempt employees of the Office of Clerk & Comptroller however variously titled, who worked in excess of forty (40) hours in one or more workweeks for a period of three (3) years preceding the filing of this Complaint, to the present and continuing, who did not receive the legally required overtime compensation at rates of one and one half times their properly calculated regular rates of pay.

21.     Defendant has willfully violated the FLSA, and without a good faith basis for classifying Plaintiff and the class of similarly situated employees as exempt from overtime wages as provided under the FLSA.

22.     At all times material hereto, Plaintiff and similarly situated exempt employees of the Putative Class were performing their duties for the benefit of and on behalf of the County.

23.     During the three (3) year statute of limitations period between November 2012 through the present, Plaintiff and the other similarly situated current and former exempt employees of the Office of Clerk & Comptroller, regularly worked in excess of forty (40) hours per week, and misclassified as exempt from overtime wages.

24.     At all material times to this Complaint, County utilized policies and/or practices of willfully misclassifying the employees in the Office of Clerk & Comptroller without satisfying any known exemption under the FLSA.

25.     Plaintiff did not regularly supervise and direct the work of two or more full time employees and thus does not satisfy the Executive Exemption.

26.     All other members of the proposed putative class likewise did not supervise and direct the work of two or more full time employees.

27.     Plaintiff's position, and that of the majority of the other exempt employees in the Office of Clerk and Comptroller of similar and lesser authority in the hierarchy or chain of command also fail to satisfy this basic requirement of the Executive Exemption.

28.     Plaintiff's primary job duties, and that of all other employees at her level, pay grade or hierarchy, did not involve the exercise of independent discretion and judgment in matters of significance.   To the contrary, Plaintiff's primary job duties were routine, mechanized,

standardized work, and while sounding important, simply do not satisfy the administrative exemption or the professional exemption.

29.     Plaintiff did not have decision making authority, and she only prepared standardized, routine reports and performed standardized accounting and bookkeeping.

30.     Other employees in the same office/department at Plaintiff's level or lower, (those with lower pay grades), had even less responsibilities, but also did exercise independent discretion and judgment in matters of significance as their primary job duty but were similarly misclassified by the County as exempt employees.

31.     Defendant knew or should have known that the job titles provided, or importance of finance and accounting are simply not accepted exemptions under the FLSA, and thus it acted without good faith, and willfully violated the FLSA by misclassifying Plaintiff and the class of similarly situated employees as exempt under the FLSA.

32.     Plaintiff's hours were not traced or recorded on a daily basis, as no such requirement or system existed for salaried, exempt employees.

33.     Upon information and belief, some means and records to substantiate hours worked by Plaintiff and the class is in the possession, custody and control of the County.  However, County has violated the FLSA Section 211(c) by failing to record the work hours of Plaintiff and the class of similarly situated employees.

34.     Plaintiff may establish the hours she worked solely by her testimony, and the burden of overcoming such testimony shifts to the employer.   *See Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946).

35.     The proposed Putative Class is defined as follows: **"All persons currently employed by the COUNTY IN THE OFFICE OF CLERK & COMPTROLLER who were**

**employed within three (3) years preceding the filing of this Complaint as salaried, exempt employees under various titles, such as Deputy clerk who worked over 40 hours in any work week and who consent to their inclusion in this collective action."**

36.     Defendant required Plaintiff and the class of similarly situated employees to follow standardized, uniform policies, procedures and protocols applicable to all employees in the Office of Clerk and Comptroller.

37.     The unlawful pay practices alleged herein are not addressed nor subject to any arbitration clauses as these employees are not members of any CBA containing such a clause.

38.     As the finance department for the County, Defendant should have known that classifying Plaintiff and others at her level or pay grade and below as exempt under the FLSA simply due to job titles and importance of the work does not satisfy any exemptions under the FLSA.

39.     Plaintiff, as well as all salaried employees in the Office of Clerk & Comptroller, were expected to work overtime hours in order to meet their performance requirements and fulfill their job duties, and Plaintiff and the class regularly worked over 40 hours each week in order to perform their job duties to the satisfaction and expectation of their superiors.

40.     Numerous well-publicized cases under the FLSA have been reported about accountants and other white-collar workers being declared to be non-exempt, and as such, Defendant knew or should have known it was violating the FLSA with respect to the employees in the Office of Clerk & Comptroller.

## COUNT I
## VIOLATION OF THE FLSA (29 U.S.C. § 207)

41.     Plaintiff re-adopts and re-alleges paragraphs ten (10) through Forty (40) as if fully set forth herein verbatim.

42.     Plaintiff is entitled to be paid the proper overtime rates of pay for each and every hour Plaintiff worked in excess of forty (40) hours in any given week during the three (3) year statute of limitations period preceding the filing of this Complaint.

43.     All similarly situated misclassified, salaried exempt employees of the Office of Clerk & Comptroller are likewise entitled to be paid their federally mandated overtime rates for each overtime hour that they worked and were not properly paid.

44.     Defendant's actions are, and were at all times material, intentional, willful and unlawful, and lacking in a good faith reliance upon any legal authority for their classifying Plaintiff's position, and those of the class as exempt under the FLSA.

45.     By the very least, the County has acted with reckless disregard of its obligations under the FLSA.

1.     By reason of Defendant's intentional, willful and unlawful acts, the Plaintiff and similarly situated employees of the Putative Class have suffered and continue to suffer damages. As such, Defendant is liable for unpaid overtime compensation and an additional equal amount as liquidated damages. *Johnson v. Big Lots Stores, Inc.*, 604 F.Supp.2d 903 at 925 (E.D. La. 2009).

2.     Due to Defendant's FLSA violations, Plaintiff and similarly situated employees of the putative Class are entitled to recover from Defendant, the unpaid overtime compensation owed, an additional, equal amount as liquidated damages, prejudgment interest and reasonable attorneys' fees and costs pursuant to 29 U.S.C. 216(b).

3.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually, and on behalf of all similarly situated Officers whom the Plaintiff seeks to represent in this action, requests the following relief:

a. A declaratory that the practices complained of herein are unlawful under the FLSA and enjoin the Defendant from continuing to engage in such unlawful pay practices;

b. Certification of this action as a collective action brought pursuant to 29 U.S.C §216(b);

c. Designation of Plaintiff Bishop as a class representatives of this FLSA Collective Action on behalf of the Putative Class of similarly situated misclassified, salaried exempt employees of the Office of Clerk & Comptroller;

d. That Plaintiff be allowed to deliver notice of this collective action and the right to opt into this case by Order of this Court at the earliest possible time to all past and present salaried exempt employees employed by Defendant during the three year period immediately preceding the filing of this suit, through and including the date of this Court's issuance by Court supervised notice;

e. That the Court find the Defendant's violations of the FLSA were willful;

f. That the Court award the Plaintiff and all similarly situated employees, overtime wages at rates of one and one half times their regular rates of pay for all hours worked in excess of forty (40) for any given week during the past three (3) years, and through the date of trial, in amounts to be determined at trial, AND liquidated damages of an equal amount to the unpaid overtime compensation;

g. That Plaintiff and the class of similarly situated employees be awarded the value of all underfunding of the employees' pension or 401k contributions and benefits by reason of the underpayment of overtime wages.

h.  Costs of action incurred herein, including expert fees;

i.  Attorney's fees, including fees pursuant to 29 U.S.C. §216 and other applicable statutes;

j.  Pre-judgment and post-judgment interest as provided by law; AND

k.  Any other legal and equitable relief as this Court may deem appropriate.

Pursuant to Federal Rule of Civil Procedure, Rule 38, Plaintiff demands trial by jury in this matter.


Respectfully filed this 3rd day of November, 2015.


*/s/ Mitchell L. Feldman*
MITCHELL L. FELDMAN, ESQ.
Florida Bar 0080349
**Feldman Law Group P.A.**
1715 N. Westshore Blvd., Suite 400
Tampa, FL 33609
(p) 813-639-9366
(f)  813-639-9376
Email: Mfeldman@ffmlawgroup.com